OPINION
On October 14, 1994, the Stark County Grand Jury indicted appellant, Craig Jenkins, on one count of rape in violation of R.C. 2907.02. Said charge arose from an incident involving an adult woman. A jury trial commenced on March 29, 1995. The jury found appellant guilty as charged. By judgment entry filed April 20, 1995, the trial court sentenced appellant to ten to twenty-five years in prison. On December 15 and 17, 1999, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed December 23, 1999, the trial court classified appellant as a "sexual predator." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR BASED UPON THE EVIDENCE SUBMITTED AT THE HEARING.
 I
Appellant claims the trial court was not given sufficient evidence at the classification hearing to determine appellant to be a sexual predator. We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
During the classification hearing, the trial court was presented with the indictment (Exhibit 1), the bill of particulars (Exhibit 2), appellant's prior criminal record including juvenile adjudications (Exhibits 3 and 5) and appellant's prison report (Exhibit 4). The bill of particulars filed November 9, 1994 indicates appellant took "the victim into a back bedroom, exposed his penis and forced her to perform fellatio. The defendant then forced the victim to engage in vaginal intercourse." One of appellant's prior crimes as an adult involved "assaulting a teenage girl." December 17, 1999 T. at 21. Appellant's juvenile record included "an adjudication for sexual imposition." Id. at 22. In its judgment entry of December 23, 1999, the trial court noted this case involved a brutal rape. The trial court explained appellant "attempted to force the victim to use crack cocaine and then forced the victim to have both oral sex and vaginal sex. The victim was in such fear of her life that the victim then jumped from an extremely high window in an old home suffering severe injury upon her fall to the ground." The trial court noted "[t]his Court had the opportunity to sit as the trial judge during the trial in this matter and the Court has a very vivid memory of the facts involved at the trial." We note the trial court had the benefit of hearing all of the facts and circumstances of the case during the trial. The trial court went on to discuss appellant's "extensive" criminal record, concluding "[t]he offender's general criminal record is significant, ongoing, and indicates that the defendant has been involved in numerous acts of violence and in conduct directed toward females in particular." Appellant argues many of the items considered by the trial court, including the trial court's own memory, constitute impermissible hearsay because the information therein was not subject to cross-examination. In Cook at 425, the Supreme Court of Ohio held the following: Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings.
Based upon the clear holding in Cook, we find the trial court did not err in considering the complained of items. Upon review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The sole assignment of error is denied. The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
GWIN, P.J. and WISE, J. CONCUR.